STATE *vs.* REDINGTON J. KENNISTON, appellant.

Kennebec.    Decided September 5, 1877.

*Intoxicating liquors.*

When in a search and seizure process, the officer to whom the warrant is directed makes a return of a specific search and seizure in pursuance of its mandate, evidence is not admissible to show that the search and seizure were made by others in his absence and without his knowledge or direction. The state cannot thus contradict the return of its officer.

The proof of a search and seizure by strangers will not suffice as proof of the search and seizure returned by the officer as made by him, when in fact he made none nor directed the making of any.

EXCEPTIONS.

COMPLAINT on search and seizure process, from the police court of the city of Gardiner.    S. W. Siphers, constable of Gardiner, made return on the warrant.    "I have entered the within named premises and therein searched for intoxicating liquors and found and seized the following described liquors," &c.

It appeared in evidence that Siphers was away on an excursion, when the search was made by Wing, Williams and Atkins, policemen, at about nine o'clock in the evening; that Siphers returned at about eleven o'clock and met the policemen on the street, who told him of the search and seizure, and he then went to the lock-up and took possession of the liquor seized, and afterwards made his return upon the warrant.

The defendant seasonably objected to the admission of evidence of a search and seizure made by other persons than the officer who made the return, and not made in his presence or under his direction, as proof of the alleged search and seizure, but the presiding justice overruled the objection and admitted the evidence.

The verdict was guilty; and the defendant alleged exceptions.

*H. Farrington* for the defendant.

*E. F. Webb,* county attorney, for the state.

APPLETON, C. J.    This is a search and seizure process.    It was directed to an officer, by whom a return was made, that he had entered "the within named premises and therein searched for

intoxicating liquors and found and seized the following described liquors,"—stating them.

"The officer's return," remarks Peters, J., in *State* v. *Howley,* 65 Maine, 100, 101, "is a part of the allegations to be proved, but is no part of the proof itself. *State* v. *Stevens,* 47 Maine, 357. *State* v. *Lang,* 63 Maine, 215." The allegations in the complaint, warrant and return are not established by reading the same. The truth of the facts alleged and asserted must be established by proof *ab extra.*

The evidence introduced shows that no search nor seizure was made by the officer by whom the return was made, he being absent at the time, but that the search was made by strangers to the process in the absence of the officer and not under his direction. The evidence completely negatives the truth of the officer's return. The question then is can the truth of a return be established by an entire disproof of all the facts therein contained. We think not. The evidence was not admissible to contradict the return.

*Exceptions sustained.*

DICKERSON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.