49 N.J. Super. 451 (1958)
140 A.2d 226
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL BLACKWELL, DEFENDANT, AND BART BARRECCHIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1958.
Decided February 17, 1958.
*453 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Louis Santorf argued the cause for defendant-appellant (Mr. Aaron Dines, attorney).
Mr. Archibald Kreiger argued the cause for plaintiff-respondent (Mr. Charles S. Joelson, Deputy Attorney-General, Acting Passaic County Prosecutor, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
This is an appeal by the defendant Barrecchia from a conviction for conspiracy with the defendant Blackwell to make book on horseracing. On a prior motion to dismiss the appeal because of an inadequate appendix to the appellant's brief it was stipulated and ordered that argument be confined to the single question as to whether the defendant was prejudiced and deprived of a fair trial by reason of the fact that the return by an executing officer of a search warrant failed to show the seizure of incriminating evidence which the officer testified he found on the person of the defendant. We confine this expression of our views to that single question, noting, however, in passing, that the evidence adduced, together with the other corroborating proofs, supports the conviction if its introduction against the defendant did not offend any existing preclusive rule of law.
The item of evidence in question was what was described as an "account sheet," constituting a record of bets taken by the defendant. Detective Balint, attached to the Passaic County Prosecutor's office, testified that on May 1, 1956 he searched the person of the defendant and found this paper in a roll of currency in his pocket, together with a National Racing Form for the same date. The account sheet was admitted in evidence without objection. The officer testified he had a search warrant, issued by a county judge, for both defendants, in his possession at the time of the search, and made a return thereon. He further testified that at a preliminary hearing before a magistrate on May 16, 1956 *454 the same item of evidence was marked as an exhibit and identified as found on defendant on the occasion mentioned. On cross-examination Balint testified he gave a receipt to the defendant specifying only the money taken from him.
The defendant called Detective Balint as a witness and established that he signed a written return of the search warrant May 18, 1956, reporting that he confiscated from the defendant "the sum of $272.00" and mentioning no other item seized in pursuance thereof. At the end of the case defendant made a motion to strike from the record all testimony pertaining to the account sheet and the racing form on the ground that they "weren't comprehended within the return to the search warrant." The motion was denied, and this is the only action brought in question on the appeal, the contention being that there could not have been a supportable verdict of conviction without this proof.
It may be readily conceded that the action of the officer in omitting the items in question from his return was a violation of his duty to make accurate return concerning the execution of the process. Dereliction in the punctilious observance of legal requirements with respect to search warrants merits severe condemnation and will deprive the officer of the protection of the warrant if called to account. 47 Am. Jur., Searches and Seizures, § 43, p. 527, n. 15. But this is not a proceeding to punish the officer or to recover damages against him for tortious arrest or assault. Here the only issue is the propriety of the use by the State against the accused in a criminal prosecution of the incriminatory data found upon him.
In this state it is apparently the law that the illegality of the method by which evidence is procured against a suspect will not derogate from its admissibility against him in a criminal prosecution, if it is evidential per se. Eleuteri v. Richman, 47 N.J. Super. 1 (App. Div. 1957), and authorities cited therein. A fortiori, an untruthful return to a valid search warrant pursuant to which a lawful search takes place should not affect the admissibility of incriminating material which is sworn at the trial *455 to have been found in the possession of the defendant. The return is itself evidential against the State as a prior inconsistent statement by the officer, but that merely affects the credibility of his testimony, not the competency of the evidence. See State v. Costa, 78 Vt. 198, 62 A. 38 (Sup. Ct. 1905).
The authorities cited by the defendant have been examined and do not require a different conclusion. They essentially hold, where the inquiry is the validity of a search and seizure, that a return to a warrant will conclude the State on the fact that the search was made pursuant to the warrant, rather than as incident to a valid arrest. 79 C.J.S. Searches and Seizures § 84, pp. 907, 908, and cases there cited. Here the defendant does not attack the legality of the search, as such, and we have seen that it would make no difference if he did, under our case law. We are not impressed with the reasoning in State v. Kenniston, 67 Me. 558 (Sup. Ct. 1877), which tends to support defendant's position. Moreover, decisions by a Supreme Court (former) Commissioner cited by defendant under the special provisions of R.S. 33:1-57 et seq. (Alcoholic Beverage Law) cannot be regarded as authoritative in the general field of criminal procedure or evidence.
Defendant cannot claim he was surprised by the adduction of the evidence in question at the trial. He was forewarned at the preliminary hearing that it was to be used against him.
We find no deprivation of constitutional rights or a fair trial in the subject matter complained of by defendant.
Affirmed.